J-S41015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY S. COSGROVE | : | |
| | : | |
| Appellant | : | No. 558 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 4, 2020,
in the Court of Common Pleas of Union County,
Criminal Division at No(s): CP-60-CR-0000083-2018.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 17, 2021**

Jeffrey S. Cosgrove appeals from the judgment of sentence imposed following revocation of his participation in the Intermediate Punishment Program. Upon review, we affirm.

This appeal arises from the following circumstances. On July 12, 2019, Cosgrove pled guilty to retail theft[1] for stealing various items from the same store on two separate occasions. The court sentenced Cosgrove to five (5) years of intermediate punishment, the first portion of which was to be spent in the drug treatment court program. Five months later, Cosgrove's participation in the program was suspended for multiple violations of his IPP.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929(a)(1).

A petition to revoke his IPP was filed. At the hearing on January 14, 2020, Cosgrove admitted that he violated several of his IPP conditions, but denied others. The court found that Cosgrove violated certain conditions of his IPP including failure to: pass drug testing on several occasions, provide a urine sample for testing as directed by the court, meet with his probation officer as scheduled, and comply with the requirements of his electronic monitoring. Consequently, the court revoked Cosgrove's original IPP sentence and resentenced him to three (3) to seven (7) years of incarceration with credit for time served. The court also deemed Cosgrove RRRI eligible, making his minimum sentence twenty-seven (27) months. Cosgrove filed a post-sentence motion, which the court denied.

Cosgrove filed this timely appeal. The trial court and Cosgrove complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Cosgrove raises the following single issue:

> Whether the sentence of the Court was manifestly excessive and unduly harsh without giving meaningful consideration to the sentencing factors, Mr. Cosgrove's acceptance of responsibility for some of the violations, the time he already received/served or will receive/serve for this violation and the time he will serve on his new charges?

Cosgrove's Brief at 6.

Cosgrove challenges the discretionary aspects of his sentence. This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine the following factors:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Cosgrove satisfied the first three requirements under *Colon*. Accordingly, we must determine whether Cosgrove has raised a substantial question for our review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

In his Pa.R.A.P. 2119(f) statement, Cosgrove contends that he has presented a substantial question claiming that the length of his sentence was excessive and unreasonable. Specifically, he claims that the court failed to consider: 1) the Sentencing Code as a whole; 2) Cosgrove's acceptance of responsibility for some of his violations; and 3) the time he already received/served or will receive/serve for these violations and the time he will serve on his new charges. Cosgrove's Brief at 7.

Cosgrove first claims that the court failed to consider the Sentencing Code as a whole. As to what constitutes a substantial question, this Court

does not accept bald assertions of sentencing errors. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). Instead, "[t]he Rule 2119(f) statement must specify . . . what particular provision of the Code is violated." ***see also Commonwealth v. McNabb***, 819 A.2d 54, 55-56 (Pa. Super. 2003). Cosgrove does not cite any specific provision that the trial court violated or give any specific reason why there was a violation in his sentencing. Rather, he merely makes a blanket statement that the Sentencing Code and norms were violated.[2] As such, we conclude that this argument does not raise a substantial question.

Cosgrove next claims that the court did not consider certain mitigating factors when it imposed its sentence. Cosgrove's Brief at 7. Specifically, he argues that the trial court did not give ***meaningful consideration*** to his acceptance of responsibility for some of the violations, and the time he was going be incarcerated for his new charges. ***Id.*** at 6 (emphasis added).

> [T]this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been

---

[2] We note that in the body of his brief, Cosgrove claims that the court did not state on the record the reasons for its sentence contrary to 42 Pa.C.S.A. 708(d)(2). Generally, we have found that such an issue raises a substantial question. ***See Commonwealth v. Rossetti***, 863 A.2d 1184, 1195 (Pa. Super. 2004). However, Cosgrove failed to assert this claim in either his statement of questions presented or his 2119(f) statement, and we therefore do not consider it as a reason for his appeal of the discretionary aspects of his sentence. ***See*** Pa.R.A.P. 2119; ***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 27 (Pa. Super. 2017)

raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency. . . .

This Court has . . . held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

***Commonwealth v. Caldwell***, 17 A.3d 763, 769–70 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Here, Martin's claim essentially is that the trial court did not adequately consider certain mitigating factors. As such, we conclude that this argument does not raise a substantial question, and do not consider the merits of his sentencing claims.

Judgment of sentence affirmed.

Judge Strassburger joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021